HIRAM B. CHAPMAN v. JANE MORGAN.

*Specific performance—Parties—Contract for sales.*

1. Specific performance is not always a matter of absolute right, and he who insists on it must make out a complete equity.

2. The purchaser of land that is the subject of a suit for specific performance must be made a party defendant.

3. C. paid M. ten dollars for the refusal until February 1 of certain land at $1000 or such other sum as should then be agreed on. If M. should have another offer of the same sum, C. was to make up his mind in ten days and in ten more pay for the land or lose it. Afterward C. tried to induce M.'s agent to persuade M. to sell for less. On January 29 he wrote the agent that he was ready to pay over the money *as he had talked,* as soon as he should get the deed. The agent received this letter February 1, and on February 5 replied that he did not regard it as an offer to carry out the contract, and that M. would not take less than $1000. Next day the agent was offered that sum by another man and accepted it. The agent had also notified C. on January 30 that M. would not take less and on February 2, M. had answered in a somewhat ambiguous letter that might perhaps indicate a purpose to accept. *Held,* that there were no equities which would enable C. to maintain against M. a bill for specific performance.

Appeal from Charlevoix. (Ramsdell, J.) Oct. 9.—Oct. 15.

SPECIFIC PERFORMANCE. Complainant appeals. Affirmed.

*Cruikshank & Grier* for complainant.

*Norton & Keat* and *J. Milo Eaton* for defendant.

CAMPBELL, J. Complainant files his bill for the specific performance of a land contract. The paper in question was an agreement dated October 4, 1882, whereby, in consideration of $10, defendant gave complainant the refusal of the property until February 1, 1883, for $1000 in cash, or such other terms as should at that time be agreed on. The defendant lived in Canada, and her residence there was set out. In case defendant had another offer at the same price complainant was bound to determine whether he would take it within ten days, and pay cash within ten days more or lose it.

He made no cash tender on or before February 1, but on the 29th of January sent a letter to defendant's agent at Charlevoix in which he told the agent he was ready to pay over the money as he had talked, as soon as he should get the deed from Mrs. Morgan. This letter did not mention the sum of money although it referred to the contract. The agent swears that the talk they had previously had was an attempt by complainant to induce the agent to persuade defendant to sell the land for a much smaller sum. He had offered the agent a buffalo-robe to procure this intervention, and in this letter he proposes to give him one at wholesale price. Mr. Eaton, the agent, received this letter on the first of February, but did not regard it as an offer to carry out the contract, and on the 5th of February wrote back to him saying so, and informing him that Mrs. Morgan would not take less than the full price of $1000 cash, and that another man stood ready to take it on those terms. On the next day he was offered $1000 in cash by William Addis and accepted it, and the land was sold to him and at once paid for. The deed to Addis was finally delivered the day after this bill was filed, but complainant knew of the sale soon after it was made.

On the 30th of January Eaton had sent a postal to complainant telling him defendant would not take less than $1000 cash, which complainant answered by a letter dated February 2, which refers to the previous letter, and although somewhat ambiguous may perhaps be regarded as indicating a purpose to accept.

Inasmuch as specific performance is not a matter of absolute right in all cases, the complainant is bound to make out a complete equity. The agreement being one which did not bind complainant to accept the land unless he chose, shows very clearly that the refusal given him was not to be enlarged. It bound him if he wanted the land to be ready with his money on the very day fixed. It made no provision for making tender to any one but defendant at her home in Canada; but he could have got the land, and would have got it, if he had given the agent Mr. Eaton unequivocal proof of

his honest design to purchase and pay for it. But his course in trying to tamper with the agent and induce him to persuade defendant into sacrificing her property not only deprives him of any right to ask favor, but the agent could hardly have failed to understand the letter of January 29, 1883, as referring to a wish to get the land at a reduced rate. It is a letter which does not plainly offer to do anything definite, while drawn up with some skill as apparently referring to the contract. An offer by letter which could not be answered by February 1, and which did not contemplate payment until subsequent action, is not within the terms of the contract, which provides for no such method of communication. And it is impossible to read the testimony without being satisfied that complainant was all the time endeavoring to take his chances for better terms. There was nothing to indicate that Mrs. Morgan desired to recede from her bargain, and she sold to Addis for the same price which complainant had bargained for.

In our opinion the circuit court very properly declined to relieve complainant by specific performance, for want of equities. But as Addis is not a defendant, and as complainant knew of the sale to him, the failure to bring him in would be a fatal objection, inasmuch as defendant can make no title.

The decree must be affirmed.

The other Justices concurred.