THE STATE OF KANSAS, *ex rel.* S. B. *Bradford, Attorney General*, v. THE BOARD OF COMMISSIONERS OF RUSH COUNTY.

1. INJUNCTION; *Void Order.* Where an injunction is granted at the commencement of an action by a district judge, without notice or appearance by the defendants, and no undertaking is furnished by the plaintiff, and no summons is issued, but the district clerk issues an alleged order of injunction forbidding the defendants from doing certain acts not recited or referred to in the petition, *held*, such order has no operation, and is wholly void, and may be disregarded by any-one.

2. RAILROAD —*Petition to Vote Aid; Duty of County Board.* Where a petition is properly presented to the board of county commissioners of a county, under the provisions of chapter 107, Laws of 1876, and

the amendments thereto, to submit to the qualified voters of a township a proposition to subscribe to the capital stock of a railroad company proposing to construct a railroad through or into the township, and upon being examined and canvassed by the county commissioners is found to contain the requisite number of legal petitioners, it is the duty of the commissioners to cause an election to be held, as prayed for, to determine whether such subscription shall be made.

3. ———— *Limitation of Amount.* Chapter 90, Laws of 1870, does not control or limit the amount of bonds to be voted for under elections granted in accordance with the provisions of chapter 107, Laws of 1876, and the amendments thereto.

## Original Proceedings in Mandamus.

On January 2, 1886, *The State of Kansas*, on the relation of the Walnut Valley & Colorado Railroad Company, filed its petition in this court against *A. C. Lippert, J. R. Stock,* and *J. E. Ruhl,* as the board of county commissioners of Rush county, praying that a writ of mandamus be awarded against the defendants, as said board, to convene and proceed to call elections in the townships of Garfield, Banner, Center, Union, and Belle Prairie, Rush county, and to submit at said elections, propositions to subscribe to the capital stock of the Walnut Valley & Colorado Railroad Company, in accordance with the terms and provisions of the petitions presented to said board of county commissioners. With leave of the court, The State of Kansas, on the relation of S. B. Bradford, attorney general of the state of Kansas, was substituted as plaintiff for the Walnut Valley & Colorado Railroad Company.

The facts stated as constituting grounds for the writ are substantially as follows: That the Walnut Valley & Colorado Railroad Company is a corporation created and existing under the laws of the state, to construct, operate and maintain a line of railroad into and through the townships of Garfield, Banner, Center, Union, and Belle Prairie, in the county of Rush; that in order to enable the company to construct, equip and operate its line of road, it is desirous of procuring from said townships subscriptions to its capital stock, to be paid for by the issuance of the bonds of the townships; that on Decem-

ber 16, 1885, said railroad company presented to the board of county commissioners of Rush county, petitions praying that an election be called to submit to the qualified electors of each of said townships, propositions to subscribe to the capital stock of said railroad company, and issue the bonds of said townships in payment therefor, in the following amounts, to wit: In Garfield township, $17,500; Banner township, $17,500; Center township, $18,500; Union township, $17,-000; and Belle Prairie township, $16,500; that the assessed valuation of the property in each of said townships is sufficient to authorize each township to vote the amount of aid to the railroad company requested in each of the said several petitions; that the petitions so presented to the board of county commissioners of Rush county each contained the signatures of more than two-fifths of the resident tax-payers of said townships; that this fact was ascertained and decided by the board of county commissioners in its canvass of the petitions; that it was the duty of the board of county commissioners, upon the presentation of said petitions, to call the elections in each of said townships, as prayed for, and to direct the sheriff to make the necessary proclamations thereof, to the end that the propositions might be submitted to the legal voters of said townships; that the defendants, acting as such board of county commissioners, wholly disregarded their duty in the premises, and failed and refused to call said elections, or any of them, in any of said townships; that after the board of county commissioners refused to call said elections, for the purpose of procuring some excuse therefor, by collusion with one D. A. Stubbs, the defendants procured said Stubbs to file, in the district court of Rush county, a petition praying for an injunction to restrain them from calling the elections; that no legal order of injunction was ever issued in the case, yet the defendants pretended that they were prevented and prohibited from calling the elections, or any of them, by reason of said proceedings; that the several petitions to the board of county commissioners as aforesaid, were presented under the provisions of an act of the legislature of the state of Kansas, entitled "An act to en-

able counties, townships and cities to aid in the construction of railroads, and to repeal section 8 of chapter 39 of the Laws of 1874," which took effect February 26, 1876, and the amendments thereto.

On January 2, 1886, an alternative writ of mandamus was allowed and issued upon the foregoing petition of plaintiff, and on February 24, 1886, the defendants filed their return and answer thereto. The following allegations, among others, are contained therein:

"That under the limitations provided in chapter 107, Laws of 1876, to wit, 'That no township shall be allowed to issue under the provisions of this act more than fifteen thousand dollars and five per cent. additional of the assessed value of the property of such township,' the said several townships would be authorized to issue bonds not exceeding the following amounts, to wit: Garfield township, seventeen thousand seven hundred and ninety-nine dollars; Banner township, seventeen thousand five hundred and eighty-six dollars; Center township, eighteen thousand nine hundred and three dollars; Union township, seventeen thousand four hundred and sixty-six dollars; Belle Prairie township, sixteen thousand nine hundred and thirty-five dollars; that under the limitations provided in chapter 90, Laws of 1870, to wit, 'That the amount of bonds voted by any township shall not be above such amount as will require a levy of more than one per cent. per annum on the taxable property of such township to pay the yearly interest on the amount of bonds issued,' the said several townships would be authorized to issue bonds bearing six per cent. interest annually (the interest stated and prescribed in the propositions and petitions presented to said board by said railroad company and the petitioners), not exceeding the following amounts, to wit: Garfield township, nine thousand one hundred and ninety-seven dollars; Banner township, eight thousand six hundred and twenty-one dollars; Center township, thirteen thousand and eleven dollars; Union township, eight thousand two hundred and twenty-two dollars; Belle Prairie township, six thousand four hundred and fifty-two dollars; that the defendants have only refused to call the elections upon the said several petitions because of their doubt as to their authority so to do; that on December 29, 1885, they and each of them were enjoined from calling any of said elections in an action then pending, wherein the state of Kan-

sas, upon the relation of D. A. Stubbs, was plaintiff, and said board of county commissioners was defendant; that the injunction suit has never been discharged or dismissed, and that the said action still remains pending and undetermined in the district court of Rush county."

*H. Fierce,* and *S. J. Hale,* for relator.

*Hargrave & McCormick,* and *E. A. Austin,* for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This is an action brought in this court by the plaintiff against the defendants, to compel the defendants to call an election to vote on the question of subscribing stock and issuing bonds to aid the Walnut Valley & Colorado Railroad Company to construct a line of road in and through the following townships of Rush county: Garfield, Banner, Center, Union, and Belle Prairie. It is admitted that the petition was properly presented, duly canvassed, and found to contain the requisite number of legal petitioners. The defendants answer that they are willing to order the elections requested whenever they have the right to do so, but are prevented by an injunction issued out of the district court of Rush county on December 29, 1885, in an action therein pending between the state of Kansas, on the relation of D. A. Stubbs, against the board of county commissioners of Rush county, and the limitations embraced in chapter 90, Laws of 1870 — being an act to enable municipal townships to subscribe for stock in any railroad. It was clearly apparent to us, upon the hearing of this case, that said action is a collusive one, and that the defendants could have had the injunction dissolved at any time upon making proper application therefor. The petition is very defective — perhaps fatally so. It does not allege when the election is to be held, in what portion of the county, or in what townships, nor does it name any railroad company to whom the subscription is to be made. It does not name in any way the townships referred to in the alternative writ, nor that there is more than one township; and its averment in that respect is, "An election is to be ordered in a portion of the county to vote

bonds to a branch of the A. T. & S. F. R. R. Co." This
petition was presented to the district judge of Rush county on
December 28, 1885; and without notice to defendants or ap-
pearance by them, he indorsed on the petition, "Temporary
injunction allowed, upon the execution of a bond to the de-
fendants in the sum of one thousand dollars, to be approved
by the clerk of the district court of Rush county, Kansas.—
J. C. STRANG, *Judge.*"

No summons was issued prior to the commencement of this
proceeding. Instead of issuing a summons and having the
district clerk indorse thereon "Injunction allowed," as re-
quired by the statute, the clerk issued the order of injunction.
This order attempts to forbid the commissioners of Rush
county from calling elections in said townships of Garfield,
Banner, Center, Union, and Belle Prairie, but is wholly un-
authorized and void, because it is not issued in conformity
with the petition or the order of the district judge. It names
townships and a railroad corporation not mentioned in the
petition; and further, said order of injunction, even if properly
issued, is no obstacle to the granting of the elections, because
the statute provides that an injunction shall not operate until
the party obtaining the same shall furnish an undertaking,
executed by one or more sufficient sureties. No proper in-
junction undertaking was given prior to the commencement of
this action. All proceedings had in the case pending in the
district court of Rush county subsequent to January 6, 1886,
the date of the service of the alternative writ of mandamus,
cannot prejudice the rights of plaintiff.

The other objection to ordering the elections in the several
townships, is also without any force. The petition was pre-
sented under and in accordance with the provisions of an act
of the legislature of the state of Kansas, of February 29, 1876,
entitled "An act to enable counties, townships and cities to
aid in the construction of railroads, and to repeal section 8 of
chapter 39 of the Laws of 1874," and the amendments there-
to. The law is the latest expression of the legislature, and

the limitations in chapter 90, Laws of 1870, cannot apply or control the amount of bonds te be voted for under the elections prayed for.

It is not necessary to decide whether chapter 90, Laws of 1870, has any operation at this time, or whether it is wholly repealed. It is sufficient for this case to say that the petitions presented to the defendants comply, in all respects, with the provisions of chapter 107, Laws of 1876, and the amendments thereto, and that under the statute it is clearly the duty of the commissioners of Rush county to call the elections demanded.

Let a peremptory writ of mandamus issue against the defendants.

All the Justices concurring.