JOHN F. HAFFNER v. MICHAEL DOBRINSKI AND HENRY SHULTZ.

(Filed September 6, 1906.)

1. SPECIFIC PERFORMANCE— Objection to Introduction of Evidence. Where the only objection made to a petition is by objecting to the introduction of evidence at the trial, the court will determine only whether or not the petition states a cause of action in equity, and if the facts pleaded are sufficient, and in their nature properly cognizable by a court of equitable jurisdiction, the objection will ordinarily be overruled.

2. SAME—Pleading.—Relief Refused, When. In such case, however, it is essential that the one insisting on specific performance make out a complete equity on his part, and to that end, he must show that the contract sued upon is the one which appeals in all its features to the judicial discretion as being fit to be specifically enforced; and where it is disclosed by the petition that the contract sought to be enforced is unreasonable in its terms, if not unconscionable, and void under the Statute of Frauds, and that the acts done and relied upon to warrant the decree on the ground of part performance are not of such nature that damages would be an inadequate relief, and that the plaintiff has within his control money more than sufficient to compensate him for any loss sustained: Held: That a case for equitable intervention is not shown upon such allegations in the petition, and an objection to the introduction of evidence thereunder is properly sustained.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*P. S. Nagle* and *W. A. McCartney,* for plaintiff in error.

*Berge, Morning & Ledwith,* for defendants in error.

STATEMENT OF FACTS.

This action was brought on the 13th day of May, 1902, by the plaintiff in error, John F. Haffner, against the defendants in error, for the specific enforcement of an oral contract for the sale of real estate. Thereafter, on January 14, 1903, upon the application of the plaintiff in error therefor, a restraining order was issued against the defendant in error Dobrinski, restraining him from prosecuting certain actions of forcible entry and detainer which he had brought against Haffner in the probate court of Kingfisher county after the filing of the petition in this case, and which involved the land in controversy herein. This order was made conditional upon Haffner giving bond in the sum of $500.00, which amount was later increased to $1000.00. On March 9, 1903, the court overruled a motion to dissolve this restraining order, and upon the hearing of a demurer filed by Dobrinski to Haffner's petition, granted leave to the plaintiff in error to amend. On March 18, 1903, by leave of the court, Haffner filed an amended petition, upon which the case was heard, which, in substance, is as follows:

That on and prior to September 4, 1901, Dobrinski was the owner in fee of the east half and lots 3 and 4, of sec. 31, tp. 17, range 9, west of the Indian Meridan, in Kingfisher county, Oklahoma, and also 1668 bushels of wheat and 30 bushels of oats. That on said date, Haffner and Dobrinski entered into a verbal contract for the sale and purchase of said land and personal property, for a total consideration of $3820.00, of which $920.00 was for the oats and wheat. A payment of $1020.00 was to be made on or before January 1, 1902, $600.00 of which was to be applied by Dobrinski on a

mortgage then on the premises, and a warranty deed executed by Dobrinski to the plaintiff in error, Haffner. At the same time, Haffner, upon the execution of said deed, was to execute to Dobrinski his note for $2800.00, bearing 5 per cent interest per annum, payable in ten years, Haffner to bind himself to apply upon the said indebtedness all of the proceeds arising from the crops raised upon said land, over and above cost of raising the same. That in pursuance of said oral contract, Haffner paid Dobrinski $50.20, and on the day following, September 5, 1901, took peaceable possession of the premises and personal property, made minor improvements about the farm, planted about $60.00 worth of trees, and sowed one hundred acres of the land to wheat and ten acres to oats.

The petition then alleges that Dobrinski on November 20, 1901, conveyed the premises by warranty deed to one John A. Webber, for the consideration of $1700.00, and that Webber later on, for a consideration unknown to the plaintiff, Haffner, at the instance of Dobrinski, deeded the land to the defendant in error Schultz. Schultz, however, is alleged to have quit claimed back to Dobrinski, and to have held in the interim in trust for Dobrinski. The petition then recites that prior to the 1st of January, 1902, at which time the payment of $1020.00 was to be made. Haffner notified Dobrinski that he was ready and willing to make payment, and that he was at that time and ever since has been ready, willing and able to pay said sum, less the payment of $50.20 theretofore made, but that Dobrinski refused and still refuses to accept the same. That Haffner has at all times been able, ready and willing to comply with his contract, and offers

to bring into court the said $1020.00, less $50.20 paid, and to execute to Dobrinski his note for $2800.00 secured by first mortgage on the real estate, and in addition thereto, to bring into court the sum of $458.76, which it is alleged is the proceeds of the farm, over and above outlay for help, while Haffner has held the same. Continuous possession of the premises on the part of Haffner since September 5, 1901, is then alleged, and the petition concludes in this language:

"That no just, fair or adequate assessment of damages could be made, and that the defendant Michael Dobrinski, is not financially responsible for any adequate amount of damages, and that the plaintiff has no plain and adequate remedy at law, " followed by a prayer for an order directing Dobrinski to execute a warranty deed in accordance with the terms of the contract.

To this amended petition, Shultz filed what is in effect a disclaimer. After various delays, occasioned by motions to strike out portions of the first answer, Dobrinski filed an amended answer in two paragraphs, and later withdrew the second paragraph, and stood upon the first alone. This paragraph of Dobrinski's amended answer admits his ownership of the premises and personal property on September 5, 1901, and admits that Shultz held the land in trust for him, and then contains a verified general denial as to all the other allegations in the amended petition. At the trial, Dobrinski objected to the introduction of any evidence, "for the reason," as the record recites, "that the petition did not state facts sufficient to constitute a cause of action against the defendant and in favor of the plaintiff." This objection was by the court sustained, exception saved, motion for new trial filed and overruled, and the case brought here for review.

Error is predicated upon the sustaining of the objection to the introduction of evidence, and also upon the refusal of the court below to make perpetual the restraining order above referred to, and because of the fact that plaintiff in error was required to give bond when the order was obtained. In their brief, counsel for plaintiff in error enter into an extended argument to sustain their contentions: First, that oral contracts in general, relative to the sale of real estate, are not absolutely inhibited by our statute of frauds, and second, that if the statute applies, the contract declared upon and sought to be enforced in this action is not within its scope, by reason of part performance thereof.

Opinion of the court by

PANCOAST, J.: The first five errors assigned depend upon the correctness of the ruling of the court below in sustaining the objection to the introduction of evidence, and may be conveniently considered together. It will be noted from the foregoing statement of facts that no demurrer was filed to the amended petition, nor was any attempt made by answer to take advantage of any defect in the petition, the question of the sufficiency of the averment of the petition being raised by objection to the introduction of evidence. When the only objection made to a petition is as in the case at bar, by objecting to the introduction of evidence at the trial, the court will look to determine only whether or not the petition states a cause of action in equity, and if the facts pleaded are sufficient and in their nature properly cognizable by courts of equitable jurisdiction, the objection ordinarily will be overruled.

In the investigation of a pleading, in such case, it is well to bear in mind certain settled principles touching the relief sought. It is the well settled doctrine that specific performance is never demandable as a matter of absolute right, and the proof or pleading of a valid legal contract is not of itself enough to entitle one to a decree, for it lies within the sound discretion of a court of equity to grant or refuse to specifically enforce a contract, which is good at law, according to the facts of each particular case. *Fisher v. Leaser,* 69 Ill. 394, *King v. Hamilton,* 4 Pet. (U. S.) 328; *Heniessey v. Woolworth,* 128 U. S. 438.

It is an essential consideration that the one insisting on specific performance make out a complete equity on his part, and to that end, he must show that the contract sued upon is one which, in all its features, appeals to the judicial discretion as being fit to be specifically enforced. *Bruck v. Tucker,* 42 Cal. 347; *Chapman v. Morgan,* 55 Mich. 124.

And where, as in the case at bar, it is disclosed by the applicant himself in his petition that the contract upon which the action is based is unreasonable in its provisions, if not unconscionable, and void under the Statute of Frauds, and that the acts done and relied upon to warrant a decree on the ground of part performance are not of such a nature that damages would not be an adequate relief, but, on the contrary, that he has within his immediate control money and property more than sufficient to compensate him for any loss sustained, a case for equitable intervention is not shown, and upon such state of facts, a court of equity is justified in refusing specific performance.

It is unnecessary that this court discuss the proposition of whether all oral contracts relating to the sale of real estate are or are not absolutely inhibited by the Statute of Frauds in force in this territory, as the question presented under this head, is, whether or not, upon the allegations of the petition in question, the relief sought should have been accorded or denied. Apart from the consideration of any question arising out of the Statutes of Frauds, from a careful scrutiny of the contract before us, as shown by the petition, it would seem the trial court was fully warranted in refusing to require it to be specifically performed. The petition shows that the total purchase price for the real estate was to be $2900.00; that as a part of the same contract the defendant in error sold to the plaintiff in error wheat and oats to the value of $920.00; and that but $50.20 was paid on the purchase price. It also appears that the plaintiff in error was to pay $1020.00 on or before the 1st day of January, 1902, which was the January following the date of the contract, leaving him to pay but $100.00 in cash out of his own resources, over and above the proceeds of the wheat and oats above mentioned. For this $100.00 he was to go into possession, and have the use of the farm, of the value of $2900.00, and was to have ten years in which to pay the balance of the purchase price, at 5 per cent interest, the interest not being payable until the expiration of the ten year period. It is true there is a provision in the contract by which the plaintiff below agreed to pay upon the remainder of the purchase price the net profits, arising from the farm, but what method had Dobrinski, the defendant below, of enforcing this one-sided provision, and wherein was Haffner

obligated to pay this profit until the ten years had expired? The practical operation of the contract is that upon paying but $150.20 upon the purchase price in addition to the value of the wheat and oats turned over to him, he obtains the use of the farm for a period of ten years, at 5 per cent interest, neither the interest nor the net profits to be paid over until the expiration of the ten year period.

As was well said by counsel for defendant in error in his brief, the contract wants mutuality, both as to these obligations and as to the equitable remedy of specific performance. No obligations are imposed by it upon the purchaser; he is not bound to cultivate the farm, nor refrain from turning it over to any irresponsible or incapable person he chooses.

There is no way by which the court or anyone else can determine the amount expended by the purchaser for help under the contract, but it lies wholly within his control to render the net profits of the farm little or nothing, by the employment of any number of persons his fancy may dictate, at whatever wages he may see fit to give, with no right in the defendant in error, under his contract, to say aught upon that point. It is a fundamental principle of specific performances that the right thereto must be mutual, and where the contract is, as here, not practically enforceable by the court as to both parties, equity will not enforce it unjustly against one alone. *Bulk v. Smith,* 29 Mich. 166; *Iron Age Pub. Co. v. Western Union T. Co.,* 3 Am. St. R. 758: Pomeroy on Contracts, secs. 162-165; *O'Brien v. Perry,* 62 Pac. 927; *Blanchard v. Detroit R. R. Co.,* 31 Mich. 43.

As remarked by Chancellor Edward Sugden in an English case:

"The court acts only on the principle of executing the contract in specie, and in the very terms in which it has been made. Therefore, when you come to the specific execution of a contract containing many parts, you must see that it is possible to execute it effectively. The court cannot say that when an event arises hereafter it will then execute it."

As in that case, the court in this action could only require the execution of a portion of the contract, whereas it is bound in law to require the execution of all. A decree now would not be a specific execution of the contract, but only a declaration that there ought to be a specific execution of it hereafter.

Not only that, but when, as here, part performance is relied upon to take the contract out of the statute of frauds, the nature of the acts constituting such part performance must be looked to in determining whether or not equity will intervene. Ordinarily, when there has been a part performance of an oral contract for the sale of real estate, it may be enforced in equity where the acts done in part performance are difficult to compensate in damages. But, according to the better doctrine, in order that specific performance may be decreed on this ground, the acts done by the one seeking relief and relied on the warrant a decree, must be of such a nature that damages would not be an adequate relief. *Williams v. Morris,* 95 U. S. 444; *Baldwin v. Squier,* 31 Kans. 283; *Brown v. Hoag,* 35 Minn. 373.

But what are the acts pleaded in the petition by way of part performance, in this case? None, save that the purchaser paid the mere nominal sum of $50.20 upon the purchase price, entered into possession of the property, did those small acts of repairing common to all farmers, expended but

sixty dollars in improvement, and prepared one hundred and ten acres for crop, all acts of such a nature that it would seem the money he pleads he has in his possession belonging to the defendant in error must be adequate to cover them   many times over.  As the plaintiff below alleges in his petition, he has in his own control the $920.00 realized from the sale of the wheat and oats, and   in   addition thereto,   the sum of $458.76, the first year's returns from the farm above the cost of obtaining it, while, as before stated the only damages he could possibly sustain, under the conditions shown, are the small amounts, if any, expended for planting of trees and other minor improvements, and the time he has lost.   By his own statements, he has within his own control adequate compensation for whatever loss he has sustained by reason of Dobrinski's noncompliance with the contract.   He is not the one entitled to relief; by his own words, it seems he has lived on the farm free for over a year; has almost $1400.00 of the other's money in his hands, and now complains in equity that fraud will be perpetrated upon him if the court does not enforce a contract which will allow him to remain nine years longer in possession of the land, free from any obligations with which the defendant in error can force him to comply, until the expiration of that time.   It is not a condition that appeals to equitable consideration, so far as the plaintiff in error is concerned; and under the allegations of the petition, we think the trial court was amply justified in sustaining the objection to the introduction of any evidence.

The remaining assignments of error go to the granting of an injunction by the court.   It appears from the record that after this action was brought in the district   court of

Kingfisher county, the defendant below, Dobrinski, commenced certain actions against the plaintiff in error, Haffner, in the probate court, for forcible entry and detainer. The court restrained the plaintiff in those suits from prosecuting them further, but required the defendant, Haffner, to give bond, and later refused to make the injunction perpetual. It is urged by counsel for the plaintiff in error that the injunction should have been made perpetual, and this, too, without bond on the part of Haffner.

We see no merit, however, in these contentions, as by sec. 4429, Wilson's Stat. 1903, it is provided that "No injunction shall operate until the party obtaining the same shall give an undertaking in an amount fixed by the court or judge allowing the same, to secure to the party the damages he may sustain if it be finally decided that the injunction ought not to have been granted." And as to the refusal of the court to make the injunction perpetual, that question cannot be considered here. Time was given within which to appeal from the order refusing to make the injunction perpetual, and no appeal having been taken from that order within the time allowed, the action of the trial court in that respect cannot be reviewed.

For the reasons herein given, the judgment of the court below is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.