## WALBRIDGE-ALDINGER CO. et al. v. CITY OF TULSA.

No. 15169—Opinion Filed Dec. 16, 1924.

(Syllabus.)

**1. Injunction—Office of Temporary Injunction.**

A temporary injunction embodies a restraint which continues, unless modified by the court, until the hearing of the cause, at which time it is either made permanent or discharged. A temporary restraining order has for its object the maintenance of the status quo until the court shall determine whether an injunction shall issue.

**2. Same—"Mandatory Injunction."**

Where the order of court is effective to transfer possession of property from defendants to plaintiff and restrains defendants from interfering with plaintiff's use of said property in the fulfillment of an alleged contract until further order of the court, such an order is a mandatory injunction.

**3. Same—Necessity for Injunction Bond.**

The provision of section 415, Comp. Stat. 1921, that "unless otherwise provided by special statute, no injunction shall operate until the party obtaining the same shall give an undertaking with sufficient surety," etc., is mandatory, and when an order of injunction does not contain the provision for the bond and where no bond is executed, the order is void.

**4. Municipal Corporations—City as Party — Charter Provision Dispensing with Giving of Bonds—Validity.**

A provision in the charter of a city that "it shall not be necessary in an action, suit, or proceeding, in which the city is a party, for any bond, undertaking, or security to be executed in behalf of said city, but all such actions, suits, appeals, or proceedings shall be conducted in the same manner as if such bond, undertaking, or security had been given, and said city shall be liable as if such obligation had been duly given and executed", does not supersede the general statutes of the state requiring the giving of a bond where such action arises out of matters not purely municipal.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action of the City of Tulsa against the Walbridge-Aldinger Company and another. Judgment for plaintiff, and defendants bring error. Reversed and rendered.

West & Petry, for plaintiffs in error.

W. B. Robinson, Langley & Langley, Aby & Tucker, Massingale & Duff, and I. J. Underwood, for defendant in error.

GORDON, J. The appeal here is from an order of the district court of Mayes county overruling and denying the motion of plaintiffs in error to vacate an order of injunction or restraining order theretofore granted by said court in favor of defendant in error and against plaintiffs in error.

The city of Tulsa was engaged in constructing a water-works system, whereby it was intended that water should be brought from Spavinaw creek in Mayes county to supply the city and its inhabitants. Walbridge-Aldinger Company had contracted with the said city to construct the conduit line for the water. After a large portion of the work was completed, disagreement arose as to the proper construction of certain clauses of the contract. The city of Tulsa, by reason of the alleged violation of the contract by Walbridge-Aldinger Company, elected to rescind the contract and to complete the work by its own efforts. In the completion of the work it claimed the right, under its contract, to use the material, machinery, and equipment of Walbridge-Aldinger Company. When this disagreement as to the construction of the contract had been in existence for some time, and the city of Tulsa was threatening to take possession of the equipment of Walbridge-Aldinger Company, the said company began an action in the District Court of the United States for the Eastern District of Oklahoma, to enjoin and restrain the said city from seizing its equipment. The application for injunction was denied by the United States court aforesaid. Thereupon Walbridge-Aldinger Company appealed to the United States Circuit Court of Appeals for the Eighth Circuit. Upon the denial of this application for injunction, the city of Tulsa began in the district court of Mayes county, Okla., an action for a temporary injunction or restraining order, having for its purpose the restraining of the defendants in that action from removing their machinery, equipment, and supplies from the right of way of the city where it had been and was being used in the construction of the water-works line, and the

obtaining of the possession thereof by the city. It appears that all of this machinery, equipment, etc., was then located upon said right of way. The Pitts-Bateman Company was also made a defendant in this action; both defendants being treated alike in the allegations of the petition, and it being charged that both defendants had entered into a contract with the city and that the machinery, equipment, and supplies were the property of both defendants. In its petition, the city alleged its contract and set forth especially the provision thereof which is—

"That if defendants fail to prosecute the work undertaken and agreed to be prosecuted by them in connection with said project, and if defendants fail to furnish equipment, machinery, and material called for by said contract, plans. and specifications for use in the prosecution of said work, plaintiff may take possession and control of the equipment, material, and machinery of defendants and use and operate the same under the direction and management and supervision of plaintiff's engineer and officers and employes, in the carrying out of the contract of defendants under the plans and specifications, as aforesaid."

It is further alleged that plaintiff under its said contract was in the act of taking over defendant's equipment. machinery, materials, and labor for the purpose of completing the work, when defendants began an action in the United States Court for the Eastern District of Oklahoma. to restrain and enjoin plaintiff from so doing. That said suit was tried and judgment rendered in favor of the defendant, city of Tulsa, plaintiff here. That in order to prevent plaintiff from taking charge of said machinery, materials. equipment, etc., defendants are threatening to remove same and will so remove them unless restrained by the court. Plaintiff alleges that notice to defendants would enable them to remove the property before the application for injunction could be heard. It further alleges that under plaintiff's charter, it is its own surety upon an indemnifying bond necessary to be executed in its behalf, and that, therefore, a bond is not necessary in this action. It therefore prays for a restraining order prohibiting the defendants from removing any of the equipment, materials, etc., from plaintiff's works and from interfering with plaintiff in carrying on the construction of its water pipe line. Upon presentation of this petition to the court, and without notice to the defendants, and without execution of a bond by plaintiff, the trial court, in the absence of the defendants, and upon the same date which the

said petition was filed, granted an order which is as follows:

"Now on this 13th day of February, 1924, the above entitled matter comes on for hearing before the Honorable A. C. Brewster, judge of said court, at his chambers in the city of Pryor, Mayes county, Oklahoma upon the petition of plaintiff for a temporary restraining order against the defendants and against the officers, agents, employes and servants of the defendants and each of them. The plaintiff appearing by I. J. Underwood, W. B. Robinson and Langley & Langley, its attorneys. And after considering the petition of plaintiff and after hearing the testimony offered in support thereof the said judge is of the opinion and finds that the temporary restraining order asked for by plaintiff should be granted. And being advised in the premises,

"It Is Ordered, That the defendant Walbridge-Aldinger Company, a corporation, and the defendant Pitts-Bateman Company, and each of them, and the officers, agents, employes and servants of said defendants and of each of said defendants refrain from moving any equipment, machinery, or material from the works and project of the plaintiff, city of Tulsa, or from the premises of plaintiff, to wit, plaintiffs' pipe or conduit line now being constructed and built by plaintiff from the city of Tulsa. to Spavinaw creek, in Mayes county, Oklahoma. And said defendants and each of them and their officers, agents, employes, and servants are hereby enjoined from removing any equipment, machinery, and material from the premises aforesaid and from interfering in any way in plaintiff's construction and completion of its said water project. This order to be binding upon all persons interested or concerned until modified or set aside by the above entitled court or judge thereof.

"If defendants have already moved any equipment, machinery, or material from the premises where it was being used in connection with the water project of plaintiff or from the right of way of plaintiff, then defendants and each of them and their officers, agents, employes, and servants are hereby restrained and enjoined from the removal of such equipment, machinery, and material from the place, where it now is, and are restrained and enjoined from interfering with plaintiff in the carrying out of and completion of its water project according to the contract, plans, and specifications thereof.

"In Witness Whereof the Honorable A. C. Brewster, Judge aforesaid, has hereunto set his hand at his Chambers at Pryor, in Mayes county, Okla., this the 13th day of February, 1924."

This order was granted on February 13, 1924, and was immediately served upon the

defendants. It appears that the city at once took possession of all the material, supplies, machinery and equipment of both defendants. On February 16, 1924, the defendant Pitts -Bateman Company filed its motion to vacate or modify the order, and in this motion it sets out, in substance, that It had at no time contracted with plaintiff touching the construction of its water conduit line; that it had filed no suit in the District Court of the United States, as alleged in the petition. It alleges that it had contracted wih its codefendant, Walbridge-Aldinger Company, to do certain excavation work on said line and had placed upon plaintiff's right of way a large amount of material, supplies, and equipment for doing this work. It sets out in detail such materials, etc., so supplied and owned by it, but alleges that Walbridge-Aldinger Company has no interest therein; that plaintiff has taken said property under said order and is in possession thereof. It prays that the order be vacated and that it be restored to the possession of its said property.

Walbridge-Aldinger Company also filed a motion to vacate said order. In its motion this defendant pleads that the trial court had no jurisdiction to grant the order because of the fact that prior to the beginning of this action defendant had begun an action against said city of Tulsa, in the United States District Court for the Eastern District of Oklahoma, seeking to restrain it from seizing the property involved; that its application had been denied by said court, but that appeal from said order denying the injunction had been regularly taken and perfected and the said appeal was then lodged in the United States Circuit Court for the Eighth Circuit. Defendants further plead that said restraining order was not limited as to time of operation and was in the nature of a permanent injunction, which the court had no jurisdiction to grant without notice or hearing.

On February 20, 1924, the city of Tulsa filed its amended petition in which it set out more in detail its contract with defendant Walbridge-Aldinger Company. In this amended petition it is alleged that defendants, on January 24, 1924, ceased to perform the contract and that this fact being certified by the city engineers, the water commission, being clothed by the city charter with exclusive power in the building of such water-works system, did terminate the employment of said defendant Walbridge-Aldinger Company, and authorized notice that the city did terminate said employment, and would, on January 28, 1924, take possession of the premises, work, plant, and equipment used by the defendant in the work. That the defendants, and each of them, refused to deliver said premises, work, plant, and equipment, and are removing a portion of the equipment from the premises and will, unless restrained, continue to remove equipment therefrom. That it has the right under its said contract to take possession of such property upon abandonment of the work by the defendant. It alleges irreparable damage if defendants are permitted to remove said equipment; it prays for an order restraining and enjoining defendants from removing the equipment and from interfering with plaintiff's use thereof until final completion of the work. In the amended petition, defendants are sometimes treated as being equally in default, but as to Pitts-Bateman Company the confusion is somewhat cleared by the allegation which is, in substance, that the defendant Pitts-Bateman Company claims to be the owner of a substantial part of the equipment employed by the defendant Walbridge-Aldinger Company on said work and necessary to the prosecution thereof, "which said claim this plaintiff believes to be without foundation and contrary to the fact, and that whatever the interest of the said defendant Pitts-Bateman Company may be in any part of said equipment, such interest and right is subordinate to the rights of the city of Tulsa, to use and employ the same in the completion of the works contemplated by said contract, all of said equipment having been brought upon the premises of the plaintiff under the contracts hereinbefore mentioned for the purpose of executing the same."

On February 20, 1924, the cause came on for hearing upon the motion of the defendants to vacate the order of injunction. The Pitts-Bateman Company, in support of its motion, introduced in evidence its contract with the Walbridge-Aldinger Company, showing a subletting to the Pitts-Bateman Company of a portion of the work. It showed that it had, prior to the order of injunction, moved its property from the city's premises and placed it on leased land; that after the issue of the injunction, the city took it back to its right of way and had been using it ever since. It estimated the value of its property so taken at $150,000. It showed the purchase by it of the most of this property and the possession of the remainder under lease contract. It introduced evidence showing that it had filed no suit in any court of the United States touching the matter in controversy; that it had brought its property to the city's premises for the purpose of performing its sub-

contract with Walbridge-Aldinger Company; that it had entered into no contract with the city. There was no substantial evidence controverting the evidence of ownership of the property introduced by this company. There was, indeed, evidence to the effect that there were several corporations interested in the construction work. There was evidence that certain stockholders in one of the corporations had stock in the others, but there was no question made that Pitts was the owner of an interest in this particular concern and that he had no interest in any of the other corporations. Nor was there any question that the Pitts-Bateman Company was a separate business performing its function of subcontractor. There was no evidence that the Pitts-Bateman Company had been in any manner used as a dummy corporation for the purpose of misleading or defrauding the city of Tulsa as to its contract. Nor was it shown by any evidence that the formation of this company or the existence of the subcontract was unknown to the city, or that such circumstance in any manner operated as a violation of the contract made by the city with Walbridge-Aldinger Company. In fact, it appears to have been the theory of the city of Tulsa, in the trial of this matter, that because Pitts-Bateman Company brought its property upon the ground to perform a subcontract made with Walbridge-Aldinger Company, it thereby agreed and assented that the city might, under article 21 of its contract with Walbridge-Aldinger Company, in case of failure to perform on the part of that company, take possession of the property of Pitts-Bateman Company and use it even to exhaustion in the completion of the major contract. Upon the hearing so had, the trial court refused to vacate its injunction, and the case is now here for review upon this order. Defendant in error has filed a motion to dismiss this appeal on the ground that the question involved here has now become moot, and in this motion it says:

"The controversy has now become moot for the reason that the city of Tulsa has completed its project and has no further use for the equipment which it took over for use on the work; and on the 5th day of November, 1924, the water commission, in meeting duly assembled, passed a resolution directing the attorneys for said commission to advise the plaintiffs in error that the commission is ready to return the equipment, and on the 6th day of November, 1924, pursuant to a resolution, the attorneys for the commission served on the plaintiffs in error a notice advising plaintiffs in error that the commission is ready to return the equipment."

To support the motion, various cases are cited from this court. An examination of the cases so cited reveals that they follow the general doctrine that when the questions involved in an appeal have, by changing circumstances, become of no actual importance to the litigant, and a situation has arisen where a decision of the question will fail to give any effectual relief to the parties, the court will dismiss the controversy as moot. But a determination of this point depends upon the circumstances in each case as it is reached. And in the case here, where the defendant in error has taken the property of the plaintiffs in error under an order of court, we can readily perceive that the question whether such property was rightfully taken remains one in which the parties are vitally interested, even though it may have transpired that one of the parties has become satisfied with its holding and use of said property and is ready to return it. We are of opinion that the question remaining in this case is far from being moot, and the motion to dismiss the appeal upon that ground is therefore overruled. Randolph v. Brunswick & B. R. Co. (Ga.) 48 S. E. 396; McSorley v. Lindsay (Wash.) 113 Pac. 267; Green v. Okanogan Co. (Wash.) 111 Pac. 226.

There are two appellants here, and the questions presented for review as to each are not identical. Walbridge-Aldinger Company in its petition in error urges lack of jurisdiction in the trial court because of the fact that prior to the institution of the action in that court it had begun proceedings in the District Court of the United States involving the same matter and the same property. Pitts-Bateman Company differentiates its attitude in that it was not a party to the contract made by the city, and that therefore no right existed in the city to seize its property, and further, that the allegations of the petition as to its connection with the contract and as to its ownership of property were not sufficient to justify the relief sought therein and obtained thereby.

There is a ground common to both appellants, however, in the charge that the trial court abused its discretion in granting the order of injunction and that the order made was void, because it was, in effect, an order of injunction issued and made effective without notice or bond.

We are of opinion that the only question necessary to be decided by this court is that touching the validity of the so-called "temporary restraining order" issued by the trial court, and the refusal to vacate or modify

such order. An examination of the terms of this order, when viewed in the light of the petition, the motion to vacate, and the testimony taken, demonstrates that, except as to name, it bears none of the ear marks of the temporary restraining order as contemplated by our statute. Section 404, Comp. Stat. 1921, provides:

"The injunction provided by this Code is a command to refrain from a particular act. * * *"

The succeeding sections touching the granting of injunctions are controlled by the foregoing definition. The sole object of this proceeding, as evidenced by the petition, is to put plaintiff in possession of the property owned by the two defendants below. This conclusion is further fortified by the motion to dismiss the appeal now filed, the ground for which is that the order is now "functus officio" in that defendant in error has now possessed and used the property to the end sought and is ready to return same. This was not an ordinary action seeking the recovery of money or property to which the issue of an injunction was incidental. No summons was issued and no relief prayed except to restrain the defendants from interfering with plaintiff from taking possession of the property of defendants. Section 407, Comp. Stat. 1921, provides for a restraining order pending a hearing of the application for injunction. Section 408 provides that a restraining order may be issued pending notice of application for injunction to a party who has answered. Section 415 provides:

"Unless otherwise provided by special statute, no injunction shall operate until the party obtaining the same shall give an undertaking with sufficient surety, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure the party injured." etc.

In the case of Ex parte Grimes et al., 20 Okla. 446, 94 Pac. 668, the distinction between an injunction and restraining order is thoroughly discussed. In that case it is pointed out that while no bond is required by statute to authorize a restraining order, yet it is the better practice to require a bond. On pages 450 and 451 of the opinion, Mr. Justice Dunn, speaking for the court, says:

"Under which of these statutes was this order issued? Undoubtedly the temporary injunction mentioned in section 4425 is a writ of higher character than the restraining order mentioned in section 4427, for a writ issued under the former would be of no force, validity, or effect, except on the execution of a bond by the parties securing the same, while no such rule seems to be specifically required by the statute in the latter case. The former embodies a restraint which continues, unless modified by the court, until the hearing of the cause, and then it is made either permanent or discharged altogether: while the latter, strictly speaking, is not an injunction at all, but a writ of the court to compel parties to maintain the matters in controversy in statu quo until the question of whether or not a temporary injunction ought to issue may be determined. No bond is by the statute required on the issuance of a temporary restraining order, although many authorities hold that it is a better practice to require it." See, also, Offutt v. Wagoner et al., 30 Okla. 458, 120 Pac. 1018.

It is evident that the restraining order as contemplated by the statute is merely one which shall preserve the present status until a hearing may be had upon the pending application for injunction. The injunction is of higher character than the restraining order, and when the court shall act with reference thereto the temporary restraining order loses its force. The restraining order is usually so worded as to cause it to remain in force until a day certain when hearing shall be had upon the question of the issue of the order of injunction. The fact that it may remain in force "until further order of the court" does not necessarily take the order out of the scope of the ordinary restraining order when the application for injunction is pending before the court. In order to determine whether the particular order is a temporary restraining order or an injunction, the entire scope, purpose, and effect of the order must be considered. In the case before us, the city shows by its petition that it is attempting to gain possession of a large amount of property in order to use the same in the completion of its water-works line. The order, in effect, allows the city to deprive the owner of this possession and to take the property. By the order the city obtained the entire relief sought. No further hearing as to injunctive relief was necessary nor was such further hearing in contemplation of the parties. It is therefore clearly apparent that the order in question was not a temporary restraining order intended to maintain the status "until further hearing before the court." It was an order of injunction, and under the circumstances it was a mandatory injunction granting to plaintiff full possession of the property involved without a hearing and with no opportunity for hearing on the part of defendants. It is only in extreme cases and upon the clearest proof that a court is

authorized to go to such an extent. High on Injunctions (1905 Ed.) sections 10 and 14; State v. Baker, 62 Neb. 840.

Having concluded that the order in question was, in effect. a mandatory injunction, we find that under section 415, Comp. Stat. 1921, the execution of a bond to secure the opposite party against damage by reason of the issue of the injunction became necessary. This provision is made mandatory by the statute. 32 C. J. 312; Offutt v. Wagoner, 30 Okla. 458; Van Vleet v. Stout (Kan.) 24 Pac. 960. This order should have been conditioned to become effective upon the execution and approval of the bond provided by statute. It is argued that no bond was necessary here because the charter of the city of Tulsa provided that in an action to which the city of Tulsa shall be a party no bond shall be necessary, but said city shall be liable as if such obligation had been executed. Such a provision in the charter will not be permitted to supersede the general laws of the state and the laws governing the practice and procedure provided by the Legislature for the courts of the state. Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 Pac. 969; Sapulpa v. Land, 101 Okla. 22, 223 Pac. 640.

The city, in the instance before us, was not acting in a purely municipal character. In the construction of its water-works system it was engaged in contracting touching matters governed by general laws. City of Oklahoma City v. Hoke, 75 Okla. 211, 182 Pac. 692; Fretz v. City of Edmond, 66 Okla. 262, 168 Pac. 800.

Defendant in error insists that we should not here consider the matter of the invalidity of the order of injunction arising out of the failure to execute a bond, because the matter was not presented nor argued to the trial court. The cases cited to support this contention deal with matters not going to the jurisdiction of the trial court. It is true, that as to such matters, when not called to the attention of the trial court, and where no proper exceptions have been saved in the trial court, the alleged errors upon such ruling will not be considered here. But the order in the case before us was void; both defendants might have disregarded the order, but plaintiff had taken possession under it before notice to the defendants. State v. Lippert, 35 Kan. 150, 10 Pac. 535; State v. Logan, 2 Kan. 739, 22 Pac. 735; Davis v. Whitehead,

86 Okla. 273, 208 Pac. 216; Haffner v. Dobrinski et al., 17 Okla. 438, 88 Pac. 1042; 32 C. J. 310.

Where the record shows a judgment or order of the trial court which exceeds the power of such court, this court may consider it when the question is raised for the first time on appeal. City of Guthrie v. Nix, 3 Okla. 136, 31 Pac. 343; Territory ex rel. Taylor v. Gaffrey, 8 Okla. 193, 57 Pac. 204; Baker v. Hammett, 23 Okla. 489, 100 Pac. 1114; International Co. v. Cameron, 25 Okla. 258, 105 Pac. 189; Gourley v. Williams, 46 Okla. 635, 145 Pac. 229.

In so far as Pitts-Bateman Company is concerned, there is nothing in the petition nor in the evidence which would justify the seizure of the property; there is no evidence and no pleading to indicate that it has expressly or impliedly agreed that its property should be subjected to the terms of the contract between the city and Walbridge-Aldinger Company. It results, therefore, that the judgment of the trial court granting the injunction is reversed; the order of injunction granted by the trial court is held to be void and judgment is here rendered vacating said order.

NICHOLSON, JOHNSON, BRANSON, and WARREN, JJ., concur.

Note. — See under (1) 32 C. J. §§ 2, 10; (2) 32 C. J. § 5; (3) 32 C. J. §§ 506, 509; (4) 32 C. J. § 513.