**Donna MORSE, nee Robinson, Appellant,**

v.

**EARNEST, INC., and Russell Earnest, Whether doing business as Earnest, Inc., or Individually, Appellees.**

**No. 47876.**

Supreme Court of Oklahoma.

March 16, 1976.

---

Glenn O. Young, Sapulpa, for appellant.

Butler & Conrad by James J. Conrad, Okmulgee, for appellees.

SIMMS, Justice:

Plaintiff, a rancher, filed suit against defendants, oil and gas drillers, for damages allegedly caused by defendants' actions while drilling on property leased by plaintiff for ranch purposes.

Plaintiff alleged that defendants' carelessness and negligence in allowing her Charlois breeding stock to become mixed and in damaging her growing crops caused overall damages in the amount of $50,000.00. Plaintiff additionally sought punitive damages and prayed that defendants be temporarily and permanently enjoined from interfering with her rights under the terms and conditions of her lease.

Defendants filed certain motions and demurrers and an application for a temporary restraining order against plaintiff, wherein they alleged that plaintiff had placed a wire over the entrance to the property and secured same with locks, thereby preventing defendants' entrance onto the property. Defendants alleged that unless plaintiff was enjoined and restrained from such action, they would be unable to exercise their rights under a valid oil and gas lease and therefore prayed that a temporary restraining order be granted.

The court granted same, setting a show cause order to be heard at 2:00 o'clock p. m. on August 6, 1974. Thereafter, plaintiff filed her response. On the above date, a minute of the court showed that plaintiff appeared in person and with counsel and defendant appeared by his attorney. The minute continued:

"Presentation by counsel continued until 8/14/74 at 2 o'clock p. m. in the Okmulgee District Court Room."

On August 14, 1974, the parties appeared with counsel and as a result of that hearing the trial court issued its order granting defendants relief by an instrument styled "Permanent Injunction." According to the terms of the journal entry, plaintiff was "forever enjoined, restrained, and debarred from committing any and all acts that would prevent the Defendants Russell Earnest and Earnest, Inc., from exercising their right to ingress and egress over the . . . property . . . to exercise rights granted them by the owner of the . . . property through an oil and gas lease . . . " Plaintiffs Motion for a New Trial was overruled and an appeal bond was set by the court in the amount of $5,000.00.

The Court of Appeals, Division I, by unpublished opinion reversed the judgment of the trial court and held the injunction

void for the reason that the trial court failed to require an undertaking as required by 12 O.S.1971, § 1392. The Court of Appeals further awarded plaintiff attorneys fees in the amount of $1,000.00 to be paid by defendants.

Defendants seek certiorari complaining first that under the authority of *School Board of Consol. Dist. No. 36 v. Edwards,* 184 Okl. 384, 87 P.2d 962, 121 A.L.R. 820 (1939), an injunction bond is not necessary in this matter and not required by 12 O.S. 1971, § 1392. Further, defendants urge that the award of attorneys fees to plaintiff's attorney by the Court of Appeals is unjustified and contrary to law.

■ While the Court of Appeals reached the correct result, i.e., reversal of the trial court's judgment, the reason therefore is unclear. We are aware that the distinctions between temporary restraining orders, temporary injunctions and permanent injunctions cause some confusion to members of the bench and bar. For this reason, we grant Certiorari.

*School Board of Consol. Dist. No. 36 v. Edwards, supra,* holds that an injunction bond is not required when a *permanent* injunction is granted but that case is not controlling here.

■ Despite the fact that the trial court's order of August 14, 1974, is designated as a "Permanent Injunction", the order was, at most, a *temporary* injunction.

Defendants had been granted a temporary restraining order. The show cause hearing originally set for August 6, 1974, and continued until August 14, 1974, had for its object the determination of whether a temporary injunction should issue. 12 O.S. §§ 1382–1384.

In *Ex Parte Grimes et al.,* 1 Okl.Cr. 102, 94 P. 668 (1908), the Supreme Court spoke at length of the distinction between a temporary injunction and a temporary restraining order. In part, the Court stated:

"The former embodies a restraint which continues, unless modified by the court, until the hearing of the cause, and then

it is made either permanent or discharged altogether; while the latter, strictly speaking is not an injunction at all, but a writ of the court to compel parties to maintain the matters in controversy in statu quo until the question of whether or not a temporary injunction ought to issue, may be determined."

See, also: *Walbridge-Aldinger Co. v. City of Tulsa,* 107 Okl. 259, 233 P. 171 (1925); and, *Dowdy v. Clausewitz,* Okl., 361 P.2d 288 (1961).

■ A permanent injunction is the final judgment in an action; the final disposition following a hearing on the merits. 12·O.S.1971, § 1381. See, 43 C.J.S. Injunctions § 3.

Title 12, O.S.1971, § 1392 states:

"Unless otherwise provided by special statute, no injunction shall operate until the party obtaining the same shall give an undertaking, with sufficient surety, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure the party injured the damages he may sustain, including reasonable attorney's fees, if it be finally decided that the injunction ought not to have been granted."

In this case, the undertaking required by § 1392 was mandatory. The order of the trial court was not a final judgment in this action. The cause has yet to be heard on the merits. Therefore, *School Board of Consol. Dist. No. 36 v. Edwards, supra,* has no application here. The judgment of the trial court must be reversed for failure to require an undertaking as required by § 1392. *Walbridge-Aldinger Co. v. City of Tulsa, supra; Offutt v. Wagoner,* 30 Okl. 458, 120 P. 1018 (1911).

■ The Court of Appeals cites no authority which would authorize a judgment for attorney fees on appeal by an appellate court in a case such as this, and we are aware of no such authority. Accordingly, we find that defendants' contentions as to the impropriety of this award are well

taken and we reverse the judgment of the Court of Appeals in this regard.

Therefore, the judgment of the Court of Appeals reversing the trial court's judgment granting a "permanent" injunction is Affirmed; and that part of the Court of Appeals opinion awarding plaintiff attorney fees in the amount of $1,000.00 is reversed. This cause is remanded to the trial court for further proceedings on the temporary injunction.

The belated Motion to Dismiss filed by appellant is Denied as being moot by reason of the opinion herein promulgated.

All the Justices concur.