## FRANK H. HARRAH & CO. v. FIRST NAT. BANK OF TONKAWA.

No. 587.    Opinion Filed July 12, 1910.

(110 Pac. 725.)

**TRIAL—Directing Verdict.** Where under the pleadings the plaintiff is entitled to recover unless a certain affirmative defense therein pleaded is sustained, no evidence being produced reasonably tending to support such defense, a verdict should be directed in favor of the plaintiff.

(Syllabus by the Court.)

*Error from Kay County Court; Claude Duval, Judge.*

Action by Frank H. Harrah & Co. against the First National Bank of Tonkawa. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

On the 19th day of March, 1908, plaintiff in error as plaintiff commenced its action in the county court of Kay county against the defendant in error as defendant, to recover the sum of $216.40 for money had and received.

Plaintiff in part alleged that between the 21st day of September, 1907, and the 16th day of November, 1907, inclusive, the plaintiff deposited in the said First National Bank of Tonkawa the sum of $1,401.36, and has from the 21st day of September, 1907, to the 22d day of November, inclusive, checked out of said bank the sum of $1,084.94, and that there is a balance due plaintiff by said defendant of $216.40, for which plaintiff has made demand, but which the defendant refuses to pay. Attached to the petition as a part thereof is an itemized statement showing the various deposits and checks drawn against said account by the plaintiff and balance due thereon of $216.40.

Defendant answered in part as follows:

"Said defendant for a second and further defense without admitting any of the allegations, statements, and averments, expressly denied in said first defense, and still adhering to said general denial, says: That during all the times hereinafter mentioned said plaintiff conducted a brokerage business in the town of Tonkawa, Kay county, Okla., in the name of the Tonkawa Commission Company, and that said plaintiff and the said Tonkawa Commission Company were one and the same. That during all the times hereinafter mentioned F. S. Stewart was the agent of plaintiff and the Tonkawa Commission Company, and had charge of the business of plaintiff in the town of Tonkawa. That said F. S. Stewart, as the agent of said plaintiff, deposited in the defendant bank, to the credit of plaintiff, proceeds derived from such business, and said F. S. Stewart, as the agent of said plaintiff, was duly authorzed to draw drafts on said plaintiff in connection with the business conducted in said town of Tonkawa, and that said authorization was known to this defendant. Defendant further says that said F. S. Stewart, as the agent of this plaintiff, at

divers and sundry times drew drafts on said plaintiff through defendant's bank, all of which were duly honored and paid by said plaintiff, and that the custom and manner of conducting said business by plaintiff in the said town of Tonkawa was for said F. S. Stewart, as its agent, to deposit money in the defendant bank, and draw drafts thereon through defendant bank. Defendant further answering says that heretofore and, to wit, on the 26th day of October, 1907, said F. S. Stewart, as the agent of plaintiff, and having been .duly authorized by plaintiff so to do, drew draft on plaintiff, as its agent,. in favor of defendant in the sum of $216.40, and that said draft was drawn for and on account of the business transacted by said F. S. Stewart, as the agent of plaintiff in said town of Tonkawa. That defendant paid to said plaintiff the said sum of $216.40 and charged same to the account of plaintiff. Defendant, further answering, says that at the time said draft was drawn said F. S. Stewart, as the agent of plaintiff, was duly authorized to draw said draft, and that plaintiff expressly agreed to pay the same, and that the authority and agreement were well known to defendant before said draft was paid. A true and correct copy of said draft is hereto attached, marked 'Exhibit A,' and made a part hereof, the same as if herein set out in full. Defendant further says that said plaintiff has not allowed said defendant credit for said draft, and that it is not listed as a charge against the account of plaintiff, in its said petition, and that said amount is not contained in any of the checks listed in plaintiff's petition. Now comes said defendant, and for a third defense by way. of counterclaim to plaintiff's petition, still adhering to its first and second defenses, and without in any manner qualifying same, says: That during all the times hereinafter mentioned plaintiff conducted a general brokerage business in Tonkawa, Kay county, Okla., in the name of the Tonkawa Commission Company, and that Frank Harrah & Co., the plaintiff, and the Tonkawa Commission Company were one and the same. That heretofore and, to .wit, on the 26th day of October, 1907, said plaintiff by and through its agent, F. S. Stewart, drew a sight draft on plaintiff in favor of defendant bank in the sum of $216.40, which was duly delivered to said defendant bank and for which said defendant bank paid said plaintiff the said sum of $216.40. A copy of said draft is hereto attached, marked 'Exhibit A,' and made a part of this petition the same as if herein set out in full. That said F. S. Stewart, at the time said draft was drawn, was the

agent of plaintiff, and in charge of its said business in the town of Tonkawa, Okla., which was conducted in the name of the Tonkawa Commission Company, and that at the time said draft was drawn said F. S. Stewart, as the agent of plaintiff, was duly authorized by plaintiff to draw said draft, and that same was drawn on account of and in connection with the business of plaintiff in the town of Tonkawa, Okla. That thereafter and in the regular course of business and banking said draft was duly presented to plaintiff for payment, and was by said plaintiff wrongfully dishonored, and payment refused on the 31st day of October, 1907, and that no part or portion thereof has ever been paid by plaintiff. That defendant is the owner and holder of said draft and that there is due thereon the sum of $216.40, with interest at 7 per cent. per annum from the date thereof. Wherefore defendant prays for judgment against said plaintiff in the sum of $216.40, with interest thereon from October 31, 1907, at 7 per cent. per annum, and that said judgment be applied in payment of any judgment that plaintiff may recover against defendant, and for costs."

Exhibit A to said answer, being the draft in question, is as follows:

"Tonkawa, Okla., Oct. 26th, No................ The First National Bank of Tonkawa, pay to the order of the First National Bank ($216.40) two hundred and sixteen 40-100 dollars. [Signed] Tonkawa Com. Co., F. S. Stewart. To Frank Harrah & Co., Oklahoma City, Okla."

To this answer of the defendant the plaintiff filed a reply (9), which reply, omitting caption, was as follows:

"Comes now the plaintiff, Frank Harrah & Co., and for its reply to defendant's answer and counter-claim alleges and states: Plaintiff denies under oath of its president each and every allegation of new matter alleged and contained in defendant's said answer and counterclaim."

At the close of the evidence the plaintiff moved the court to direct a verdict in its favor, which was overruled and exceptions saved. The evidence will hereafter be set out in the opinion as far as necessary.

*Tetirick & Curran*, for plaintiff in error.
*Moss & Turner*, for defendant in error.

WILLIAMS, J.    (after stating the facts as above.)    The only question essential for determination is as to the motion for a directed verdict in favor of the plaintiff.    There is no evidence reasonably tending to show any agency of F. S. Stewart or the Tonkawa Commission Company, or of any authority given by the plaintiff to make the draft in question.    The uncontroverted evidence was that Stewart went to Tonkawa and opened up the business of the Tonkawa Commission Company for himself, he to pay a monthly rental and one-fifth of the commission for the use of plaintiff's wire; that plaintiff and the Tonkawa Commission Company were separate and independent, F. S. Stewart alone constituting the Tonkawa Commission Company.    Two accounts were kept at the bank; one of Harrah & Co. being moneys deposited by F. S. Stewart for it, and the other, the Tonkawa Commission Company, having been created by moneys deposited by Stewart. Stewart neither exercised any control whatever over the former, nor the plaintiff over the latter; Stewart exclusively controlling the latter account, and the plaintiff the former.    Stewart had drawn only one draft for $84.25 on plaintiff prior to this transaction, having been specially authorized thereto, which was honored, being a usual transaction, not necessarily indicative of agency. No checks were ever drawn by Stewart on the account of plaintiff. That rebuts the idea of agency.    Under this record, the plaintiff should have recovered, and the lower court erred in not directing a verdict in its favor.    *Stock Exch. Bank v. Williamson,* 6 Okla. 348, 50 Pac. 93.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.