OFFUTT *et al.* v. WAGONER *et al.*

No. 1445.   Opinion Filed December 12, 1911.

(120 Pac. 1018.)

1. **INJUNCTION—Bonds—Necessity.** Sec. 5760, Comp. Laws 1909, requires the giving of a bond, before an injunction shall be operative, in all cases, unless otherwise provided by special statute.

2. **PLEADING—Appeal and Error—Amendment of Pleading—Burden of Showing Prejudice from Error.** The allowance of amendments to pleadings before or after judgment, when the same do not change substantially the claim or defense, rests in the sound discretion of the court, and the allowance of the same will not be disturbed on appeal unless it is made to affirmatively appear that its exercise has operated to the prejudice of the complaining party. (City of Shawnee v. Slankard, 29 Okla. 133, 116 Pac. 803.)

3. **APPEAL AND ERROR—Record—Questions Presented for Review —Exclusion of Evidence.** The court cannot review alleged errors of the trial court in refusing admission of certain proffered evidence, unless such evidence, or the substance thereof, be in some proper manner incorporated in the case-made, thereby enabling this court to determine whether or not there was error in its exclusion.

4. **TRIAL—Direction of Verdict—Sufficiency of Evidence.** Where, under the pleadings, the plaintiff is entitled to recover unless a certain affirmative defense therein pleaded is sustained, no evidence being produced tending to support such a defense, a verdict should be directed in favor of the plaintiff. (Harrah & Co. v. First Nat. Bank of Tonkawa, 26 Okla. 620, 110 Pac. 725.)

5. **INJUNCTION—Liability on Injunction Bond—Admissibility of Evidence.** In an action on a bond given in a suit to enjoin the sale of property, the exclusion of evidence that the property had materially increased in value to such an extent as to materially reduce the damage of the obligees of the bond was not error.

6. **TRIAL—Direction of Verdict—Determination of Motion.** It is the duty of the court in directing a verdict to disregard incompetent testimony received over objection.

(Syllabus by Robertson, C.)

*Error from Ottawa County Court; W. Y. Quigley, Judge.*

Action by W. A. Wagoner and another against D. A. Offutt and others for damages on an injunction bond. Judgment for plaintiffs, and defendants bring error. Affirmed.

*E. B. Morgan* and *M. M. Edmiston,* for plaintiffs in error.

*Vern E. Thompson* and *F. D. Fulkerson,* for defendants in error.

Opinion by ROBERTSON, C. The first question raised by plaintiff in error is "that the law makes no provision for a bond to obtain a restraining order." We do not understand this statement of counsel in this assignment of error, for nowhere in the record does it appear that a restraining order was issued, but, on the contrary, it affirmatively appears that an injunction was issued. The only evidence in this case as to the character of the injunctional relief sought in the district court is the order of the district judge dissolving the injunction. The order is found on page 7 of the plaintiffs' abstract, and is in words as follows:

"Order Dissolving Injunction. On the 12th day of June, 1908, the plaintiffs and defendants appear by their respective attorneys before me at Nowata, and the application of plaintiff to dissolve *injunction* heretofore granted in this cause is presented, and upon condition of the said motion it is allowed and the *injunction* heretofore granted is dissolved, and the clerk of the district court of Ottawa county is directed to spread this order of record. [Signed] T. L. Brown, Judge."

The district judge called the instrument an *injunction,* and nowhere in the record do we find any reference to a restraining order. Also the bond sued on recites that an injunction had issued. We are bound to conclude that it was an injunction instead of a restraining order that was issued, and, that being the case, section 5760, Comp. Laws 1909, specifically provides for a bond in such case. Defendants in error cite *Ex parte Grimes,* 1 Okla. Cr. 102, on page 106, 94 Pac. 668, on page 670, as an authority requiring a bond in case a restraining order is issued. This authority does not sustain such a contention. On the contrary, Mr. Justice Dunn, in writing the opinion of the court said: "No bond is, by statute, required on the issuance of a temporary restraining order, although many authorities hold that it is better practice to require it."

In paragraph 1 of the syllabus to that case it is said: "* * * It is better practice to require ·bond in all such cases." The record, however, in this case, shows that an injunction was granted, and that an injunction was dissolved by the district judge. Nothing is said at any place of and concerning a restraining order. Hence the contention of counsel is not good, for as has been seen by the section of statute cited above, it is essential that a bond be given before an injunction can issue.

As to the second question, that the court erred in permitting plaintiffs to amend their bill of particulars, one needs only to refer to section 5679, Comp. Laws 1909, to see that the permitting of amendments to pleadings is discretionary with the court, and unless it affirmatively appears that there has been an abuse of such discretion, the same will not be reviewed on appeal.

"The allowance of amendments to pleadings either before or after judgment, in furtherance of justice, when the same do not change substantially the claim or defense, rests in the sound discretion of the court, and the allowance of the same will not be disturbed on appeal unless it is made to affirmatively appear that its exercise by the court has operated to the prejudice of the rights of the complaining party." (*City of Shawnee v. Slankard,* 29 Okla. 133, 116 Pac. 803.)

See, also, *Herron v. M. Rumley Co.,* 29 Okla. 317, 116 · Pac. 952.

The amendment permitted did not change substantially or otherwise the· claim of plaintiffs, and, no abuse of discretion having been pointed out by counsel, it will be presumed that there was none.

The third and fourth assignments of error are not properly raised by counsel for plaintiffs in error, and cannot be considered by us. We cannot say what the issues were between the parties in the district court, none of the pleadings referred to in the record having been embodied in the case-made; nor did counsel incorporate in the record the evidence which he relied upon to sustain these assignments. It is necessary in such a case to embody in the record the substance at least, of the evi-

dence which the party claims to have, in order that this court may determine whether or not the same was admissible and tended to establish a defense. The mere fact that certain questions were propounded, indicating in a general way what the alleged defense may have been, and the witness not being permitted by the court to answer the said questions, even though exceptions to the rulings of the court were taken, will not be sufficient to enable this court to review the same; the record shows that counsel for plaintiffs in error offered in evidence and identified a great number of exhibits in the court below, and yet failed to embody them in the case-made. Consequently these assignments of error cannot be considered by us, for we do not know and cannot tell what questions are involved therein. *Hutchings v. Cobble, infra,* 120 Pac. 1013.

The next error complained of is that the lower court should have permitted the defendants to introduce testimony to show that the property, which was enjoined from sale, had materially increased in value, and to such an extent as to materially reduce the damage of plaintiffs. It is admitted by all parties that the property sold failed to bring enough to satisfy the debt. How, then, can the fact that they were worth more when sold than when they were first advertised aid defendants in this contention? If they were worth more when sold than when first advertised, defendants obtained the benefits thereof, and they were credited on their note with the receipts of the sale. Had defendants not prevented the sale in the first instance, the expense of keeping the stock, and attorney's fees, would not have been incurred; the interference must have been unauthorized and wrongful, for the court dissolved the injunction after the hearing on the merits, and no appeal therefrom was taken.

As to the next point raised by plaintiffs in error, we feel that there was nothing for the court to do but give a peremptory instruction in favor of the plaintiffs. There was no evidence tending to disprove in any way the proof offered by the plaintiffs in support of the allegations of their bill of particulars. The court could, and in fact should, have refused all the testi-

mony offered by the defendants, for it was incompetent, irrelevant, and immaterial, and did not tend to establish a defense.

Where, under the pleadings, the plaintiff is entitled to recover unless a certain affirmative defense therein pleaded is sustained, no evidence being produced reasonably tending to support such defense, a verdict should be directed in favor of the plaintiff. *Harrah & Co. v. First Natl. Bank Tonkawa*, 26 Okla. 620, 110 Pac. 725; *Fitzpatrick v. Nations, infra*, 120 Pac. 1020.

It is the duty of the court in directing a verdict to discard incompetent testimony received over objection. *Clinton Nat'l Bank v. McKennon*, 26 Okla. 835, 110 Pac. 649. See, also, *Solts v. Southwestern Cotton Oil Co.*, 28 Okla. 706, 115 Pac. 776.

Finding no error in the record sufficient to warrant a reversal, the judgment of the county court of Ottawa county should be affirmed.

By the Court: It is so ordered.

All the Justices concur.