## FITZPATRICK v. NATIONS *et al.*

No. 1354.    Opinion Filed December 12, 1911.

(120 Pac. 1020.)

**TRIAL.—Directing Verdict.** Where the plaintiff is entitled to recover, unless an affirmative defense, which has been pleaded, is sustained by the evidence, it is not error for the court to direct a verdict for the plaintiff where the evidence produced by the defendant and all the inferences which may be reasonably drawn therefrom do not present such a case as would permit the jury to return a verdict for the defendant.

(Syllabus by Ames, C.)

*Error from District Court, Kay County; W. M. Bowles, Judge.*

Action by J. H. Nations and others against J. A. Fitzpatrick. Judgment for plaintiffs, and defendant brings error. Affirmed.

*A. F. Moss, V. E. McInnis, M. E. Turner,* and *John S. Burger,* for plaintiff in error.

*J. E. Curran, W. C. Tetirick,* and *Sam K. Sullivan,* for defendants in error.

Opinion by AMES, C. This suit was brought by the defendants in error, hereafter referred to as plaintiffs, against the plaintiff in error, hereafter referred to as the defendant, upon a promissory note. The defendant in his answer admitted the execution of the note, but, by way of counterclaim, alleged that it was a renewal of an old indebtedness, and that he and the plaintiffs entered into an agreement by which they were to advance money to purchase some cattle, which the defendant was to feed through the winter on his farm in Kay county; that in the following spring the cattle were to be taken to some place in Kansas for pasturing, and thereafter sold; that the defendant was to take care of the cattle, and that it was hoped that by this arrangement there would be sufficient profit, not only to pay for the cattle, but to pay off the old debt and leave the defendant with a profit. The defendant claimed that the cattle were ready for shipment from his farm to Kansas pasturage about the 20th of April, that under the agreement the plaintiffs were to advance the money to pay the freight, that they delayed in doing so for five or six days, causing a heavy shrinkage in the cattle, whereby his injury was greater than the note sued on, and he prayed for judgment over against the plaintiffs. The defendant executed two notes, secured by mortgage on the cattle, one covering their purchase price and the other covering the old debt, the latter being secured by a second mortgage. In the brief of plaintiff in error, it is said:

"It was further agreed between the parties that when the cattle were ready to ship from Oklahoma Territory where they were wintering, to the spring grass, in Kansas, that new notes and new mortgages would be executed by the defendant; and that these would include the original sum of $9,284.56 and such other sums of money as would be advanced during the winter, including the expense of transporting the cattle from the terri-

tory of Oklahoma to the state of Kansas; also, the significant sum of $2,095.12."

The case turns upon the claim of the defendant that the plaintiff should have advanced him sufficient money to ship the cattle into the state of Kansas before he executed the new notes and mortgages. The defendant testifies:

"I was to buy these cattle and winter them in first class condition, as our understanding was to get them through in good condition, and at the time when grass was sufficient, he was to furnish money to pay the freight on these cattle to pasture in Kansas as agreed upon." And on cross-examination he testified as follows: "Q. Your agreement at that time was that, when the cattle were shipped, you would give a mortgage before they were shipped so that he would have security in Kansas; that is correct, isn't it? A. Yes, sir; I was to sign papers and make a new mortgage."

On April 3, 1902, the defendant wrote the plaintiffs at El Paso, Tex., that it was approaching time to ship the cattle to pasture, and asked for money to pay the freight, and expressing the belief that there might be plenty of grass by April 20th. On April 7th the plaintiffs replied expressing their satisfaction that the cattle could go on pasture so soon, and asking for an accurate description of the Kansas location so that they might prepare the mortgage, reciting a previous similar request, and saying: "So now, my friend, you must push this other matter so we can get everything signed up for the purpose of getting your money by that time."

The previous request for a description of the Kansas location was in a letter of April 3d, which also requested an indorsement of the second mortgage note. On April 10th the defendant again wrote the plaintiffs ,giving them a description of the Kansas pasture and advising that he could not get Mr. Emerson's indorsement. On April 15th the plaintiffs wrote the defendant, inclosing forms of new notes and mortgages. The defendant answered on April 17th, saying that he expected to go to pasture not later than April 22d and asking freight money by the 21st, but did not inclose the new notes and mortgages. On April 22d the defendant again wrote the plaintiffs advising that his

feed would last until the 24th, but after that he would have only wheat straw, and that the cattle might break out into the wheat fields and cause some damage; also, that he had seen the proposed indorser, who refused to sign the note. But this letter was not mailed by the defendant until the 23d. On the 24th the defendant wired that his feed was out, that he wanted to ship on the 25th, and asked for instructions; and on the 25th he wired that the cattle were shrinking badly at the risk of the plaintiffs. On the 26th the plaintiffs wired money to pay the freight. At the conclusion of the evidence the court directed the jury to return a verdict for the plaintiffs, and this is the error assigned. From the defendant's own testimony it appears that the new notes and mortgages were to be executed before the cattle were shipped, and while it is possible that there may have been some delay on account of the defendant's effort to secure an indorsement, it is not so made to appear in the evidence, but it seems that the money was wired to the defendant when the papers were received by the plaintiffs.

When the evidence in a cause, together with all the reasonable inferences that may be drawn therefrom, is not sufficient to sustain a verdict, it is proper for the court, on request, to direct a verdict for the party entitled under the evidence, and we do not think the trial court committed error in so doing. *Harrah v. First National Bank,* 26 Okla. 620, 110 Pac. 725; *Solts v. Southwestern Cotton Oil Co.,* 28 Okla. 706, 115 Pac. 776; *Offutt v. Wagoner, infra,* 120 Pac. 1018.

For the reasons stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

All the Justices concur.