## BURRIS v. LEET *et al.*

No. 5243. Opinion Filed October 12, 1915.

(152 Pac. 352.)

**TRIAL—Direction of Verdict—Evidence.** Where there is no evidence offered by the plaintiff even reasonably tending to support the allegations of his petition, it is not error for the trial court to direct a verdict for the defendants.

(Syllabus by Dudley, C.)

*Error from District Court, Coal County;*
*Robt. M. Rainey, Judge.*

Action by Mose Burris against Albert Leet and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Fooshee & Brunson* and *C. M. Threadgill,* for plaintiff in error.

*J. G. Ralls,* for defendants in error.

Opinion by DUDLEY, C. The parties occupy the same position here that they did in the trial court, and for convenience we shall refer to them accordingly. In April, 1912, the plaintiff commenced this action in the district court of Coal county against the defendants to recover

possession of certain real estate located in said county, constituting the allotment of Middleton Burris, a Choctaw Indian by blood. The action is purely an action in ejectment. The issues were joined, and case tried to the court and jury, resulting in a judgment in favor of the defendants, from which the plaintiff has appealed.

The deceased allottee died intestate prior to statehood. He was the legitimate child of Isaac Burris. The plaintiff claims that Isaac Burris is his father, and that he is a half-brother to the deceased allottee. His mother's name is Charlotte Finley, a negro freedwoman. It is claimed by the plaintiff that his mother and Isaac Burris married under the custom and usages of the Choctaw Indians and lived together as husband and wife for a year or more, and that during that time he was born, and he is therefore the legitimate child of Isaac Burris. The sole question presented here is whether or not Isaac Burris, a Choctaw Indian by blood, and Charlotte Finley, a negro freedwoman, were married under the customs and usages of the Choctaw Nation or Tribe of Indians. The trial court, after the evidence was all introduced, instructed the jury to return a verdict in favor of the defendants, advising them that, in his opinion, under the evidence, there was no evidence showing the marriage of Isaac Burris and Charlotte Finley. Plaintiff saved exceptions to the court's instruction, and brings the case here for review, and urges and insists that the question of marriage should have gone to the jury under appropriate instruction.

We have read the entire record, and are thoroughly convinced that there is no evidence even reasonably tending to show a marriage between Isaac Burris and Charlotte Finley under the usages and customs of the Choctaw

Nation, and therefore the trial court did not commit error in instructing the jury to return a verdict for the defendants. *St. L. & S. F. R. Co. v. Bloom,* 39 Okla. 78, 134 Pac. 432; *Fitzpatrick v. Nations,* 30 Okla. 462, 120 Pac. 1020. There is some evidence in the record tending to show that it was customary for Choctaw Indians to live together as husband and wife without going through a formal ceremony, but the evidence absolutely fails to show that it was ever customary for a Choctaw Indian to marry a negro. But, upon the other hand, the record discloses that under the statutes of the Choctaw Indians it was a felony for a Choctaw Indian to marry a negro. The statute was concededly in force in the Choctaw Nation at the time it is claimed that Burris married the negro woman. Aside from this fact, the evidence totally fails to show that these parties ever lived and cohabitated together as husband and wife. There is nothing to show that they ever treated or recognized each other as husband and wife. This, according to the evidence, was necessary under the usages and customs of the Choctaw Tribe. The testimony of Charlotte Finley herself discloses that during the time that she claims she and Isaac Burris were living together as husband and wife she lived with her mother in Isaac's father's yard, and that occasionally Isaac visited her at her mother's home; but at no time could it be said from the evidence that they lived together as husband and wife, or treated or recognized each other as such, and we are clearly of the opinion that the record wholly fails to show a valid marriage under the usages and customs of the tribe.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.