## BRISLEY et al. v. MAHAFFEY.

No. 5893—Opinion Filed May 8, 1917.

Rehearing Denied Oct. 9, 1917.

(167 Pac. 984.)

(Syllabus by the Court.)

### 1. Trial—Directed Verdict—Issue.

Defendant's counterclaim stating a good cause of action against plaintiff (although not proper subject for counterclaim in this action), the plaintiff having alleged an affirmative defense, but offering no evidence to support same, the court erred in directing a verdict for the plaintiff on the issues joined.

### 2. Set-Off and Counterclaim—Damages—Statute—Waiver.

M. brought suit against B. on supersedeas bond. B. admitted the execution of the bond, and by way of counterclaim alleged damages sustained by unlawful attachment in the action in which bond was executed. M. in reply alleged adjudication of damages in former suit.

Held, the damages sustained not proper subject for counterclaim in this action, the same not having arisen out of the bond sued on and not being necessarily involved in the action to determine liability under the bond. Section 4746, Rev. Laws 1910.

Held, further, by filing reply and joining issue of former adjudication, plaintiff waived objection that such damages were not proper subject for counterclaim in this action.

### 3. Appeal and Error—Review—Theory of Case Below.

Plaintiff, having submitted his cause to the jury in the trial court on the issue of former adjudication, will not be permitted to change his theory and urge, for the first time in this court, the damages were not proper subject for counterclaim.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by William Mahaffey against Ben Brisley and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded for new trial.

Mounts & Davis and Jas. S. Watson, for plaintiffs in error.

Wilson & Roe, for defendant in error.

OWEN, J. This is an action to recover on a supersedeas bond brought by the defendant in error, Mahaffey, hereafter referred to as plaintiff, against the plaintiffs in error, Brisley, hereafter referred to as defendant. The bond was executed by the Brisleys to stay the judgment rendered in an action between Mahaffey and Brisley for the recovery of money due for rent on certain lands. The case came to this court on appeal and the appeal was dismissed. 31 Okla. 111, 119 Pac. 1128. The defendants, Brisley, in the trial of the instant case admitted the execution of the bond sued on, and pleaded, by way of answer and counterclaim, damages sustained by reason of an unlawful attachment in the case in which the bond was given. Plaintiff, Mahaffey, by reply to the defendant's counterclaim alleged that the question of damages had been adjudicated in the former case. On the trial defendant admitted the execution of the bond, and, assuming the burden, offered proof of the amount of damages in support of the allegations of his counterclaim. At the conclusion of this evidence, and on motion of counsel for plaintiff, the court excluded the evidence from the jury and directed a verdict for the plaintiff. The instruction is as follows:

"Gentlemen of the jury: It is the instructions of the court that the evidence introduced by the defendant in this case is insufficient as a defense to plaintiff's cause of action, for the reason that the entire matter has been adjudicated in a former suit in this court and judgment rendered in favor of the plaintiff in this action, and you are instructed to return a verdict in favor of the plaintiff."

To this action of the court the defendant at the time duly excepted.

The allegations in the reply stated a complete bar to the counterclaim, but no proof was offered to sustain this affirmative defense. The rule is well settled by the decisions of this court that, Brisley being entitled to recover the damages sustained by reason of the unlawful attachment in the former case, unless the affirmative defense alleged in the reply was sustained, and there being no evidence offered to support the allegations of former adjudication, the court erred in excluding the evidence and directing a verdict in favor of Mahaffey. Harrah v. First National Bank, 26 Okla. 620, 110 Pac. 725; Offutt v. Wagoner, 30 Okla. 458, 120 Pac. 1018; Fitzpatrick v. Nations, 30 Okla. 462, 120 Pac. 1020.

Counsel for plaintiff in their brief concede that it might be possible there was not sufficient evidence introduced to warrant the trial court in finding the counterclaim had been adjudicated, but they insist that the court's action in directing a verdict was proper, for the reason that the damages sustained in the former case were not a proper subject for counterclaim in this action. We agree with counsel that the damages sustained by defendant in the former suit were not a proper subject for counterclaim in this action. The statute (section 4746, Rev. Laws 1910) limits counterclaims to matters arising out of the contract or transaction set forth in the petition as the foundation of the action, or connected with the subject of the action. The right to relief concerning the subject of the action must be necessarily involved in the action for a complete determination of it. The damages were sustained by reason of the attachment issued in the cause in which the supersedeas bond was afterwards given, but that action was not the subject or foundation of this action. In this case the supersedeas bond was the subject and foundation of the action, and any damages which the defendant may have sustained by reason of the attachment in that case did not arise out of, nor were they connected with, the execution of the bond, and not necessarily involved in determining defendant's liability under the bond. Hanley v. Bank, 6 Okla. 79, 51 Pac. 664; Richardson v. Penny, 10 Okla. 32, 61 Pac. 584; First National Bank v. Thompson, 41 Okla. 88, 137 Pac. 668; Harris v. Warren-Smith Hdw. Co., 44 Okla. 477, 144 Pac. 1050; Williams v. Boyd, 75 Ind. 286; Chamboret v. Cagney, 41 How. Prac. (N. Y.) 125. But counsel are not in position to avail themselves of this objection. By reply to the answer they pleaded the affirmative defense, instead of a demurrer, and by doing so waived the ques-

tion presented here for the first time. Walker v. Johnson, 28 Minn. 147, 9 N. W. 632; Lace v. Fixen, 39 Minn. 46, 38 N. W. 762; Parker & Tisdale v. Wiggins, 10 Kan. 420.

The counterclaim stated a good cause of action, but was not a proper subject of counterclaim in this action had objection been made to it. This objection was not made in the court below, and comes too late when made for the first time in briefs filed in this court. Counsel might have objected to the counterclaim by way of demurrer to the answer. This was not done. They saw fit to file the reply and submit the cause to the jury on the issue of former adjudication, and cannot be heard here to change the theory of defense. Border v. Carrabine, 24 Okla. 609, 104 Pac. 906; Wallace v. Killian, 40 Okla. 631, 140 Pac. 162.

The court erred in directing a verdict on the affirmative defense without evidence to support that defense.

The case is reversed and remanded for a new trial.

All the Justices concur.