15803

RENNEKER v. REHKOPF *ET AL.*

(37 S. E. (2d), 188)

*Mr. T. Brooks Alford,* of Charleston, Counsel for Appellant,

*Mr. John I. Cosgrove,* of Charleston, Counsel for Respondent.

February 19, 1946.

MR. ASSOCIATE JUSTICE STUKES delivered the Opinion of the Court.

Respondent formerly rented an upstairs apartment in his store building on lower King Street in Charleston to Mr. and Mrs. M. G. Rehkopf for living quarters, the last named apparently being the contracting tenant. Upon effort by the landlord to evict about January, 1943, a tripartite agreement in writing was entered into whereby Mr. and Mrs. Rehkopf agreed to vacate the apartment on January 1, 1944. The premises were included in a Federal emergency rent-control area but the regulations and actions of it do not properly enter into the determination of the present controversy.

Upon Rehkopf's failure to move on or before January, 1944, respondent again brought eviction proceedings in the Civil and Criminal Court of Charleston which resulted in an order of ejectment. Upon appeal to the Court of Common Pleas for Charleston County it was affirmed. Then the tenants appealed to this Court, but pending such they moved from the premises. Thereafter, and on notice, the Court of Common Pleas dismissed the appeal and from that order another appeal was taken to this Court. Here motion to dismiss was entertained upon affidavits and resisted, whereupon the last appeal was dismissed by this Court on December 12, 1944.

Mrs. Rehkopf had entered into bond in the sum of fifteen hundred dollars, with her husband and another surety, the latter being the other appellant in the instant case, E. A. Morris, in connection with the first appeal to this Court, the condition being:

"Now, the condition of this obligation is such that if the above bound Mrs. M. G. Rehkopf do pay to said J. Henry Renneker all damages which he may sustain by reason of said Appeal not exceeding the sum of Fifteen Hundred ($1,-500.00) Dollars, aforesaid, then this obligation shall be null and void or else remain in full force and virtue."

The action in which the present appeal was taken was a suit for damages upon the bond, commenced January 27, 1945, by respondent, the landlord and former appellee, against Mr. and Mrs. Rehkopf and the additional surety, E. A. Morris, upon a complaint which is usual in form in such cases.

Mr. and Mrs. Rehkopf answered separately and each set up a counterclaim in the amount of $1,500.00. The material allegations of such by Mr. Rehkopf are here quoted, as follows:

"That as a result of the aforesaid acts of carelessness, negligence, recklessness, willfullness and wantonness on the part of plaintiff J. Henry Renneker, while repeatedly prosecuting in the Civil and Criminal Court of Charleston and before the Director of OPA Office Defense-Rent Area, Charles-

ton, South Carolina, defendant M. G. Rehkopf sustained severe shock, his nervous system impaired to the extent of obtaining medical attention a part of which resulted in a determination to remove from aforesaid premises and for purely reasons of preserving his health, all to defendants damage, both actual and punitive, in the sum of Fifteen Hundred ($1,500.00) Dollars."

And Mrs. Rehkopf counterclaimed in part as follows:

"That by reason and result of the aforesaid acts of fraud, carelessness, negligence, recklessness, willfullness, and wantonness on the part of plaintiff J. Henry Renneker, in prosecuting and instituting court action against defendant Mrs. M. G. Rehkopf, in violation of procedure on such matter prescribed by OPA, the defendant, Mrs. M. G. Rehkopf, sustained severe shock and setback in improvement of her physical condition, part of which resulted in permanent physical disabilities and suffering expense to employ an attorney to represent her, costs in connection with the appeal to the Supreme Court and the hearings at chambers before the Judge Ninth Judicial Circuit, inconvenience and annoyance of furnishing bond under the statutes of South Carolina in such cases made and provided, all to the Defendant, Mrs. M. G. Rehkopf's damage, both actual and punitive, in the sum of Fifteen Hundred ($1,500.00) Dollars."

Separate demurrers were interposed by respondent to these counterclaims upon several grounds including, in brief, that they attempt to allege tort actions, independent of the contract liability alleged in the complaint, and the matters and things set up in the counterclaims did not arise out of the contract or transaction set forth in the complaint as a foundation of respondent's claim, nor are they connected with the subject of the action. See Sec. 468, Code of 1942.

The Civil and Criminal Court, in which the action was brought, sustained the demurrers to the counterclaims in a formal order. Upon review, the Court of Common Pleas dismissed the appeal, thereby affirming the sustention of the demurrers to the counterclaims, this upon the authority of *Columbia National Bank v. Rizer,* 153 S. C., 43, 150

S. E., 316, 68 A. L. R., 443, and *Coastal Produce Associa-tion v. Wilson,* 193 S. C., 339, 8 S. E. (2d), 505.

The cited authorities contain such lucid expositions of section 468 of the Code, authorizing counterclaims, that fur-ther comment in this case would be entirely superfluous and could not leave the subject clearer than it is now under these decisions.

That this case comes within the principle there enunciated and applied is too patent to require discussion. The action is purely one upon contract, to wit, the appeal bond. The tort liability alleged in the counterclaims did not arise out of the bond or the giving of it, which is the subject of this action, and is not connected with it. Therefore, the counterclaims do not properly lie and the lower court rightly sustained the demurrers.

A similar problem was similarly solved by the Supreme Court of Oklahoma in *Brisley v. Mahaffey,* 64 Okl., 319, 167 P., 984. There the plaintiff sought to recover on a super-sedeas bond given to him by the defendant to stay the judg-ment rendered in a former action brought by the plaintiff to recover the money due for rent on certain lands. The de-fendant, by way of counterclaim, pleaded damages sustained by reason of an unlawful attachment in the case in which the bond was given. The court, in holding that such counter-claim was not well pleaded, said: "We agree with counsel that the damages sustained by defendant in the former suit were not a proper subject for counterclaim in this action. The statute * * * limits counterclaims to matters aris-ing out of the contract or transaction set forth in the peti-tion as the foundation of the action, or connected with the subject of the action. The right to relief concerning the sub-ject of the action must be necessarily involved in the action for a complete determination of it. The damages were sus-tained by reason of the attachment issued in the cause in which the supersedeas bond was afterwards given, but that action was not the subject or foundation of this action. In this case the supersedeas bond was the subject and founda-

tion of the action, and any damages which the defendant may have sustained by reason of the attachment in that case did not arise out of, nor were they connected with, the execution of the bond, and not necessarily involved in determining defendant's liability under the bond."

Judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE STEVE C. GRIFFITH concur.

MR. ASSOCIATE JUSTICE FISHBURNE did not participate.